**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 816 |
| | ) | |
| Credit Control, LLC, a Missouri limited | ) | |
| liability company, and JH Portfolio Debt | ) | |
| Equities, LLC, a California limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Minor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.    Plaintiff, Mary Minor ("Minor"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Tribute Mastercard account, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Credit Control operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  JH Portfolio operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant JH Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant JH Portfolio is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through its sister/related corporation, Defendant Credit Control.

7.     Defendants Credit Control and JH Portfolio are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois

Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct business in Illinois.

8.      Moreover, Defendants Credit Control and JH Portfolio are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.      Ms. Minor is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Tribute Mastercard. At some point in time after that debt became delinquent, Defendant JH Portfolio bought/obtained Ms. Minor's Tribute Mastercard debt, and when Defendants began trying to collect this debt from her, by sending her a collection letter, dated August 8, 2013, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of Defendants' letter is attached as Exhibit C.

10.     Accordingly, on September 13, 2013, one of Ms. Minor's attorneys at LASPD informed Defendants that Ms. Minor was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Minor was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Undeterred, Defendants then sent Ms. Minor a collection letter, dated November 4, 2013, demanding payment of the Tribute Mastercard debt. A copy of this collection letter is attached as Exhibit E.

3

12.     Accordingly, on December 6, 2013, Ms. Minor's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Minor's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Minor was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Minor was represented by counsel, and had directed a cessation of communications with Ms. Minor (Exhibit D).  By directly sending Ms. Minor a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Mary Minor, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Minor, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

5

**JURY DEMAND**

Plaintiff, Mary Minor, demands trial by jury.

Mary Minor,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 5, 2014

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com